IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PLAINTIFF UNDER SEAL | CIVIL NO. 22-3895 (PSD) |
| v. | |
| DEFENDANT UNDER SEAL | **FILED UNDER SEAL** |

## MOTION BY THE UNITED STATES
## FOR EXTENSION OF THE SEAL ON *QUI TAM* ACTION AND
## FOR EXTENSION OF THE UNITED STATES' EVALUATION PERIOD

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMIE ANN YAVELBERG
SARA McLEAN
MELANIE D. HENDRY
Attorneys, Civil Division
United States Department of Justice

JACQUELINE C. ROMERO
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

REBECCA S. MELLEY
PETER CARR
Assistant United States Attorneys

Dated: January 11, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MATTHEW DECKER, | : : : | CIVIL 22-3895 (PD) |
| Plaintiff, | : : | **FILED UNDER SEAL** |
| v. | : : | |
| PENNSYLVANIA STATE UNIV., | : : | |
| Defendant. | : | |

# ORDER

AND NOW, this _____ day of _____, 2023, on consideration of the United States' motion to extend the seal in this matter and the period of time that the United States shall have to notify this Court of its decision whether to intervene, it is hereby **ORDERED** that the United States' motion is **GRANTED**:

1. The Complaint, docket entries, and all related filings, including the United States' motion and this Order, shall **REMAIN UNDER SEAL** until further Order of this Court;

2. The United States' period in which to elect whether to intervene and proceed with this action shall be extended until July 18, 2023; and

3. The Clerk of Court shall deliver a copy of this Order only to counsel for the United States and counsel for the Relator.

1

BY THE COURT:

_____
PAUL S. DIAMOND
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| *ex rel.* MATTHEW DECKER, | : | CIVIL 22-3895 (PD) |
| | : | |
| Plaintiff, | : | **FILED UNDER SEAL** |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA STATE UNIV., | : | |
| | : | |
| Defendant. | : | |

## MOTION BY THE UNITED STATES
## FOR EXTENSION OF THE SEAL ON *QUI TAM* ACTION AND
## FOR EXTENSION OF THE UNITED STATES' EVALUATION PERIOD

Under the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (3), the United States moves the Court for a six-month extension, to and including July 18, 2023, of the seal on the *qui tam* complaint and related filings, and of the government's evaluation period in this action. The United States presents this motion *ex parte* and under seal.[1] The grounds are set forth in the accompanying memorandum. Relator, through his counsel, does not object to the requested extension.

Respectfully submitted,

| | |
|---|---|
| BRIAN M. BOYNTON | JACQUELINE C. ROMERO |
| Principal Deputy Assistant Attorney Gen. | United States Attorney |

---

[1] This motion is being served on Relator's counsel, but the accompanying memorandum of law in support is not.

1

| | |
|---|---|
| JAMIE ANN YAVELBERG<br>SARA McLEAN<br>MELANIE D. HENRY<br>Attorneys, Civil Division<br>United States Department of Justice | /s/ Charlene Keller Fullmer for GBD<br>GREGORY B. DAVID<br>Assistant United States Attorney<br>Chief, Civil Division<br><br>/s/ Peter Carr<br>REBECCA S. MELLEY<br>PETER CARR<br>Assistant United States Attorneys<br>615 Chestnut St. Suite 1250<br>Philadelphia, PA 19106<br>Tel.: (215) 861-8328 (RSM)<br>        (215) 861-8622 (PC)<br>rebecca.melley@usdoj.gov<br>peter.carr@usdoj.gov |

Dated: January 11, 2023

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel*. MATTHEW DECKER, | : : : | CIVIL 22-3895 (PD) |
| Plaintiff, | : : | **FILED UNDER SEAL** |
| v. | : : | |
| PENNSYLVANIA STATE UNIV., | : : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
BY THE UNITED STATES FOR EXTENSION OF SEAL
ON *QUI TAM* ACTION AND EVALUATION PERIOD**

The United States submits this memorandum *ex parte* in support of its motion under the False Claims Act, 31 U.S.C. § 3730(b)(3), to extend the seal on, and the government's evaluation period in, this *qui tam* action for an additional six months, to July 18, 2023. The government is not yet in a position to determine whether to intervene in this action and seeks additional time in order to pursue its investigation and to make that decision. The Relator, through his counsel, does not object to the requested extension.

**CASE BACKGROUND**

Plaintiff-Relator Matthew Decker filed this action on October 5, 2022, on behalf of the United States under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729–3733, against defendant Pennsylvania State University ("Penn

1

State"), a Pennsylvania non-profit corporation that has contracted with the United States Department of Defense ("DoD") and the National Aeronautics and Space Administration ("NASA") on numerous occasions during the past five years. The seal and evaluation period in this *qui tam* matter are currently set to expire January 18, 2023.

Relator has served as the Chief Information Officer for Penn State's Applied Research Laboratory since 2015. In that capacity, he was responsible for designing, implementing, and monitoring compliance with requirements the National Institute of Standards and Technology ("NIST") issued for protecting Controlled Unclassified Information ("CUI"). CUI is sensitive government-created or -owned information that requires safeguarding or dissemination controls pursuant to and consistent with applicable law, regulations, and government-wide policies, but is not classified.

As a government contractor, Penn State is required to provide "adequate security" for any CUI that is processed, stored, created, or transmitted on its internal information systems. *See* DFARS 252.204-7012 ("Safeguarding Covered Defense Information and Cyber Incident Reporting"). Security for the protection of CUI is "adequate" when, at a minimum, it complies with NIST Special Publication 800-171, "Protecting Controlled Unclassified Information in Nonfederal Information Systems and Organizations" ("NIST 800-171").

Relator alleges that, since December 31, 2017, Penn State has been providing DoD and NASA with false attestations of its compliance with NIST 800-171. He further alleges that he has warned key figures of Penn State's non-compliance on multiple occasions, but that Penn State does not appear even to be working toward compliance. Accordingly, he expresses concern Penn State has placed—and continues to place—sensitive government research and national security information at risk.

## STATUTORY BACKGROUND

The False Claims Act authorizes a *qui tam* action when a private party, the relator, brings suit to recover damages allegedly suffered by the United States due to fraud or false statements. 31 U.S.C. § 3730(b). The complaint is filed *in camera* and under seal, and is not served on the defendant, but is served on the United States. *Id.* § 3730(b)(2). The United States then has an opportunity to evaluate the matter to determine if it will intervene in the action and take over the prosecution of the relator's claims. *Id.* Absent court order, the complaint remains under seal, and may not be disclosed to the defendant, during the government's statutory period for evaluation. The initial statutory period for investigation is 60 days, but Congress recognized that timeframe would need to be extended to permit the gov-

ernment to conduct a full evaluation of the evidence to make an informed intervention decision and it therefore expressly permitted extensions for "good cause." *Id.* § 3730(b)(3).

## DISCUSSION

Good cause exists to extend the seal and the government's evaluation period in this *qui tam* matter to July 18, 2023.

The government has diligently pursued this matter since the complaint was served. Because Relator has occupied a sensitive position that required frequent interaction with Penn State's general counsel, the government promptly assigned a "taint" team to conduct a privilege review the many dozens of documents Relator has provided the government. That taint review is well underway and the government expects that it will be completed within days.

The investigation will take at least an additional six months once the taint review is completed. The government will need ample time to review the records of various DoD entities and NASA, and interview key government stakeholders. Either concurrent with or following those efforts, the government will have to obtain information from Penn State regarding its protection of CUI and the accuracy of its certifications regarding such protection. Once this information is obtained, it will have to be evaluated, which will require analysis and understanding of Penn State's potentially complex internal information systems.

It is likely that the United States will pursue formal process in obtaining documents, and it may pursue formal process for obtaining testimony, including possibly through Civil Investigative Demand depositions, of Penn State officials or interviews of current or former employees.

Ultimately, once these or other steps are complete, the government may seek a response from Penn State to the allegations in order to provide Penn State an opportunity to raise possible defenses before the United States reaches an intervention decision. During this process, which is likely to take an additional six months at least, the complaint and all related filings, including this uncontested motion, should remain under seal to protect the interests of the investigation, the United States, Relator, and Penn State.[2]

Relator, through his counsel, consents to this request.

---

[2] The government notes that the requested extension will not adversely impact the Court's reporting requirements under the Civil Justice Reform Act (CJRA)—which were amended in regard to *qui tam* cases, in recognition that the process of investigating and making an intervention decision can be lengthy and that CJRA reporting requirements should not enter into the decision of when to unseal a *qui tam* case. *See* Report of the Proceedings of the Judicial Conference of the United States, March 10, 2015, at pp. 10-11. Thus, under the current instructions, "the pending date for *qui tam* cases brought under the False Claims Act [is] the date the case is first unsealed by the court[,]" not the date the complaint is filed. *Id.*

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that: (1) the Complaint and all related filings, including this motion, remain under seal until further Order of this Court; and (2) the United States have six additional months, until July 18, 2023, to notify the Court of its election decision.

Respectfully submitted,

| | |
|---|---|
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney Gen. | JACQUELINE C. ROMERO<br>United States Attorney |
| JAMIE ANN YAVELBERG<br>SARA McLEAN<br>MELANIE D. HENDRY<br>Attorneys, Civil Division<br>United States Department of Justice | /s/ Charlene Keller Fullmer for GBD<br>GREGORY B. DAVID<br>Assistant United States Attorney<br>Chief, Civil Division<br><br>/s/ Peter Carr<br>REBECCA S. MELLEY<br>PETER CARR<br>Assistant United States Attorneys<br>615 Chestnut St. Suite 1250<br>Philadelphia, PA 19106<br>Tel.: (215) 861-8328 (RSM)<br>        (215) 861-8622 (PC)<br>rebecca.melley@usdoj.gov<br>peter.carr@usdoj.gov |

## CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing motion by the United States for extension of seal on *qui tam* action and for extension of the United States' evaluation period and proposed order (but not the supporting memorandum) was sent by email to:

| | |
|---|---|
| Darth M. Newman | Julie Bracker |
| Law Offices of Darth M. Newman | Bracker & Marcus LLC |
| 1140 Thom Run Rd # 601 | 3355 Lenox Rd., Suite 660 |
| Coraopolis, PA 15108 | Atlanta, Georgia 30326 |
| darth@dnewmanlaw.com | julie@fcacounsel.com |

*Counsel for Relator*

/s/ Peter Carr
PETER CARR
Assistant United States Attorney

Dated: January 11, 2023